UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
Sandra Heras, on behalf of herself and
others similarly situated,

|  |  |  |
|---|---|---|
|  | Plaintiff, | COMPLAINT |
|  |  |  |
|  | -against- | FLSA COLLECTIVE ACTION |
|  |  |  |
| METROPOLITAN LEARNING INSTITUTE, INC., and BORIS DAVIDOFF, individually, |  | ECF CASE |
|  | Defendants. |  |

-----------------------------------------------------------------------------X

Plaintiff Sandra Heras ("Heras" or "Plaintiff"), on behalf of herself and others similarly situated, by her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Metropolitan Learning Institute, Inc. ("MLI") and Boris Davidoff ("Davidoff"), individually (collectively herein, "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1.    This is a civil action brought by Plaintiff and all other similarly situated recruiters to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Plaintiff and the collective class work or have worked as recruiters at Metropolitan Learning Institute, Inc., with locations in Rego Park, Jackson Heights and Brooklyn.

2.    At all times relevant to this Complaint, Plaintiff worked in Queens, New York.

3.    Plaintiff brings this action on behalf of herself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

violations of the wage-and-hour provisions of the FLSA that occurred at Metropolitan Learning Institute, Inc.

4.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and the FLSA collective to work more than 40 hours per week without providing them with any additional compensation.

5.   This additional compensation included a failure on the part of Defendants to pay Plaintiff spread of hours pay as required under the NYLL.

6.   Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

7.   Plaintiff and the FLSA collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, spread of hours pay, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

9.   This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

10.   Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

11.   Plaintiff Heras is and was at all times relevant hereto an individual residing in the county of Queens, in the city and state of New York.

12.   Plaintiff Heras was employed by the Metropolitan Learning Institute Inc. at its Queens campus, at 82-11 37th Ave, Jackson Hts, New York 11372.

13.   At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Defendants

14.   Defendant Metropolitan Learning Institute Inc. is, upon information and belief, a New York Corporation with its principal business address located in Queens County.  Upon information and belief, Metropolitan Learning Institute, Inc. is engaged in interstate commerce, and generates annual revenues in excess of $500,000 per year for each year relevant to Plaintiff's claims.

15.   Upon information and belief, Defendant Boris Davidoff is the President and CEO of MLI.

## COLLECTIVE ACTION ALLEGATIONS

16.   The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and other similarly situated persons (recruiters) who are current or former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA collective").

17.   The FLSA collective consists of approximately twenty five (25) similarly situated current and former recruiters at Metropolitan Learning Institute, Inc. who have been victims of

Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

18. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA collective by engaging in a pattern and/or policy of violating the FLSA.  This pattern and/or policy includes, inter alia, the following:

   a) failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   b) failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

19. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.  Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA collective.

20. The FLSA collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

21. The position of recruiter is not exempt and has never been exempt. Recruiters, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

22. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

23.   Defendants failed to compensate Plaintiff and members of the FLSA collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek.   The exact accounting of such discrepancy can only be determined upon completion of discovery.

## FACTS

### Metropolitan Learning Institute, Inc.

24.   Metropolitan Learning Institute, Inc. is a private, non-profit pedagogical organization with campuses located in Rego Park, Jackson Heights and Brooklyn, New York.

25.   Metropolitan Learning Institute, Inc. was first established in 1996.

26.   Upon information and belief, Boris Davidoff is President and CEO of the Metropolitan Learning Institute, Inc.

27.   MLI is no stranger to wage and hour lawsuits.

28.   In 2014, MLI resolved a matter before the New York Department of Labor pertaining to two employees who had brought wage complaints against MLI.   This matter settled for five figures.

29.   In 2018, a former employee brought a lawsuit in the Eastern District of New York United States District Court against Defendants for unpaid overtime.   This matter is currently pending.

### Plaintiff Heras'
### Employment at Metropolitan Learning Institute, Inc.

30.   From August 2018 through April 2019, Plaintiff was employed, without interruption, as a recruiter for Defendants.

31.   Plaintiff's work duties included recruiting perspective students to enroll at Metropolitan Learning Institute.  Plaintiff would go to a location, stand on the street and try to convince individuals to take classes at MLI.

32.   Throughout her employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid overtime in compliance with the FLSA and NYLL.

33.   Throughout Plaintiff's employment, Defendants never discussed overtime work or what constituted Plaintiff's overtime rate of pay with Plaintiff.

34.   Defendants did not notify Plaintiff, either in the form of posted notices or other means, regarding legal wages as required under the FLSA and NYLL in her native language, Spanish.

35.   Defendants did not provide Plaintiff with wage statements containing accurate information about her hourly rate, overtime rate, and the number of regular and overtime hours worked per week, as required by NYLL § 195(3).

36.   Defendants did not give any notice to Plaintiff in her native language of her regular and overtime rates of pay, or other such information, as required by NYLL § 195(1).

37.   Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid properly paying Plaintiff as required by state and federal laws and regulations.

**Plaintiff Heras' Work Schedule and**
**Salary at Metropolitan Learning Institute, Inc.**

38.   From August 2018 until April 2019, Plaintiff usually worked from 9am to 6pm without a meal break.

39.   In addition, approximately four times a month, Plaintiff would have to work past 6pm—until approximately 9pm.

40.    Even though Plaintiff worked more than 40 hours a week, Plaintiff was not paid time and one half even though she virtually always worked more than 40 hours a week.

41.    In mid April 2019, Defendants began giving Plaintiff a one hour lunch break.

42.    Even though Plaintiff regularly worked more than 40 hours a week, Defendants intentionally incorrectly listed her as having worked exactly 40 hours a week so as to circumvent their requirements under the FLSA and NYLL.

43.    Specifically, from August 2018 through April 2019 Heras was paid bi monthly for a total of 86.67 hours.

44.    Despite Plaintiff's variable hours worked, Plaintiff's paystubs always listed exactly 86.67 hours worked per pay period, with no overtime hours listed.

**Defendants' Violations of the Wage Theft Prevention Act**

45.    The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

46.    Throughout the relevant time period, Defendants paid Plaintiff wages without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

47.    Plaintiff was never given a notice in her native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### (Brought on Plaintiff of Plaintiff and the FLSA Collective Plaintiffs

48.     Plaintiff, on behalf of herself and the FLSA collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

50.     At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA collective were entitled to receive overtime payments.

51.     At all relevant times throughout Plaintiff and the FLSA collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

52.     Defendants' decision not to pay overtime was willful.

53.     Plaintiff and the FLSA collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## Unpaid Overtime Wages Under New York Labor Law
## (Brought on Behalf of Plaintiff)

54.  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55.  Defendants failed to pay Plaintiff the proper overtime wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

56.  Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for all work in excess of forty hours per workweek.

57.  Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

58.  Defendants' decision not to pay overtime was willful.

59.  Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
## New York Labor Law – Failure to Provide Annual Wage Notices
## (Brought on Behalf of Plaintiff)

60.  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61.  Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

62.   Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

63.   Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Brought on Behalf of Plaintiff)**

64.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65.   Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

66.   Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

67.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sandra Heras prays for the entry of an order and judgment against Defendants Metropolitan Learning Institute, Inc. and Boris Davidoff, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Declaring that as to Plaintiff and the FLSA collective, Defendants have willfully violated the wage provisions and associated rules and regulations of the FLSA and the NYLL;

(c) Damages for the unpaid overtime wages due to Plaintiff and the FLSA collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA and the NYLL, interest, attorney's fees, and the cost of this action;

(d) Penalties of fifty dollars for each work day Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For prejudgment and post-judgment interest on the foregoing amounts, as applicable;

(h) For the costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated:  May 7, 2019
     New York, New York

                **THE LAW OFFICES OF JACOB ARONAUER**

                By:     */s/ Jacob Aronauer*
                        Jacob Aronauer, Esq.
                        225 Broadway, 3rd Floor
                        New York, NY 10007
                        Telephone:  (212) 323 6980
                        Facsimile:   (212) 233-9238
                        jaronauer@aronauerlaw.com
                        *Attorney for Plaintiff*