UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANDRA HERAS, *on behalf of herself and others similarly situated*,

Plaintiff,

-against-

METROPOLITAN LEARNING INSTITUTE, INC. and BORIS DAVIDOFF, *individually*,

Defendants.

**MEMORANDUM & ORDER**
19-cv-2694 (DLI)(RLM)

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Sandra Heras ("Plaintiff") brings this action on behalf of herself and others similarly situated alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law ("NYLL") against Defendants Metropolitan Learning Institute ("MLI") and Boris Davidoff ("Davidoff," and together with MLI, "Defendants"). On May 12, 2019, Plaintiff filed an Amended Complaint. *See*, Am. Compl., Docket ("Dkt.") Entry No. 3.

Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, for summary judgment pursuant to Rule 12(d). *See*, Notice of Mot. to Dismiss Compl., Dkt. Entry No. 11; Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Def. Mem."), Dkt. Entry No. 11-1. Plaintiff opposes the motion. *See*, Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pl. Opp'n"), Dkt. Entry No. 16; Decl. of Jacob Aronauer ("Aronauer Decl."), Dkt. Entry No. 17; Decl. of Sandra Heras ("Heras Decl."), Dkt. Entry No. 18. Defendants have replied. *See*, Def. Metropolitan Learning Institute, Inc. and Boris Davidoff's Mem. of Law in Reply to Pl.'s Opp'n ("Def. Reply"),

Dkt. Entry No. 19. For the reasons set forth below, Defendants' motion is construed as a motion to dismiss rather than a motion for summary judgment and is denied in its entirety.

## BACKGROUND

The following facts are taken from the Amended Complaint and are accepted as true for purposes of this decision. *See, DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

### I. Relevant Facts

MLI is a private, non-profit pedagogical organization with campuses in Queens and Brooklyn. Am. Compl. at ¶ 24. Davidoff is the President and Chief Executive Officer of MLI. *Id.* at ¶ 26. Plaintiff was employed by MLI as a recruiter from August 2018 through April 2019. *Id.* at ¶ 30. Her duties included recruiting potential students to enroll at MLI. *Id.* at ¶ 31. To do so, she would "go to a location, stand on the street and try to convince individuals to take classes at MLI." *Id.* If an individual was interested in taking a course at MLI, she would make an appointment with the individual to discuss the possibility of enrollment. *Id.* at ¶ 32. She also would create electronic and physical files relating to students' enrollment using information the students would provide to her, such as their relevant identification, high school diploma, and taxes for the previous two years. *Id.* at ¶¶ 33-34. Once a student was enrolled and accepted to MLI, she would send the respective file to MLI's "FAFSA office." *Id.* at ¶ 35. Subsequently, she would continue to interact with students regarding their "initiation" to MLI. *Id.* at ¶ 36.

From August 2018 to mid-April 2019, Plaintiff's work hours were from 9 a.m. to 6 p.m., without a meal break. *Id.* at ¶ 43. About one day per week, or four times per month, she would have to work past 6 p.m., until approximately 8 p.m. *Id.* at ¶ 44. Plaintiff alleges that she "virtually always" and "regularly" worked more than 40 hours per week, but "was not paid time and one

half" to do so. *Id.* at ¶¶ 45, 47. In mid-April 2019, Defendants began giving Plaintiff a one-hour lunch break. *Id.* at ¶ 46.

Plaintiff alleges that "[e]ven though [she] regularly worked more than 40 hours a week, Defendants intentionally incorrectly listed her as having worked exactly 40 hours a week so as to circumvent their requirements under the FLSA and NYLL." *Id.* at ¶ 47. Specifically, Plaintiff alleges that she was paid "bi monthly [sic] for a total of 86.67 hours" and that her "paystubs always listed exactly 86.67 hours worked per pay period, with no overtime hours listed." *Id.* at ¶¶ 48-49. Plaintiff also alleges she never was provided wage statements or wage notices. *Id.* at ¶¶ 6, 39-41, 51-52.

## II. Procedural History

Plaintiff commenced this action on May 7, 2019 and amended the complaint five days later. *See*, Compl., Dkt. Entry No. 1; Am. Compl., Dkt. Entry No. 3. Plaintiff asserts one cause of action under the FLSA for failure to pay overtime (Count I) and four causes of action under the NYLL for: failure to pay overtime (Count II), failure to provide annual wage notices (Count III), failure to provide accurate wage statements (Count IV), and failure to pay spread-of-hours (Count V). *See*, Am. Compl. at ¶¶ 53-77. On June 6, 2019, Defendants filed the instant motion. *See*, Dkt. Entry No. 11.

In response to Defendants' motion, Plaintiff filed a letter motion to amend the Amended Complaint addressed to the Honorable Roanne L. Mann, United States Magistrate Judge of this Court. *See*, Dkt. Entry No. 15. Plaintiff neither included a proposed second amended complaint with the letter nor did she discuss the factors courts consider in determining whether amendment is justified. The magistrate judge denied Plaintiff's request without prejudice, noting that the motion to amend should be addressed to this Court before whom Defendants' motion is pending.

*See*, Electronic Order dated June 25, 2019. Plaintiff did not renew her request before this Court. On June 28, 2019, Plaintiff filed her opposition to Defendants' motion. *See*, Dkt. Entry No. 16.

## LEGAL STANDARDS

### I. Dismissal Pursuant to Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### II. Conversion of Rule 12(b)(6) Motion to Dismiss to Rule 56 Motion for Summary Judgment Pursuant to Rule 12(d)

As an initial matter, the Court must determine whether to convert Defendants' motion to dismiss into a motion for summary judgment. Under Rule 12(d), if a party seeks to introduce material extrinsic to the pleadings on a motion to dismiss, the court "must either exclude the additional material and decide the motion on the pleadings alone or convert the motion to one for summary judgment and afford all parties the opportunity to present supporting material." *United*

*States Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp.2d 432, 442 (S.D.N.Y. 2004) (internal quotation marks and citations omitted); *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) (citation omitted); Fed. R. Civ. P. 12(d). The decision of whether to convert a motion to dismiss to a motion for summary judgment is within the court's discretion. *See*, *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp.3d 351, 357 (S.D.N.Y. 2016) (citation omitted). In determining whether conversion is warranted, the court considers "whether or not the proffered material, and the resulting conversion from Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." *Kone v. Joy Constr. Corp.*, 2016 WL 866349, at *3 (S.D.N.Y. Mar. 3, 2016) (internal quotation marks and citations omitted). "In conducting this inquiry, the district court looks to the substance of the motion, considering, for example, whether all relevant facts have been produced." *Id.* (internal quotation marks and citations omitted).

Under certain circumstances, a court may convert a motion to dismiss to one for summary judgment without giving the opposing party "explicit notice." *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp.3d 334, 343 (S.D.N.Y. 2018), *appeal dismissed sub nom. Lobban v. Cromwell Towers Apartments*, 2018 WL 7502896 (2d Cir. 2018) (internal quotation marks and citation omitted). To determine whether conversion without notice is appropriate, the "'essential inquiry'" is whether the opposing party "'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of reasonable opportunity to meet facts outside the pleadings.'" *Id.* (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999)).

The fact that a motion to dismiss requests summary judgment as an alternative form of relief does not guarantee that the plaintiff has notice that the motion may be converted. *See*, *Zynger v. Dep't of Homeland Sec.*, 615 F. Supp.2d 50, 58, n.8 (E.D.N.Y. 2009), *aff'd*, 370 F. App'x 253

(2d Cir. 2010) (citing *Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Lab'ys,* 850 F.2d 904, 911-12 (2d Cir. 1988)). However, "[w]here both parties submit extrinsic evidence in support of their positions, neither can be considered to have been taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." *Lobban*, 345 F. Supp.3d at 343 (internal quotation marks and citation omitted).

Here, both parties have submitted materials extrinsic to the pleadings. Defendants have submitted: (1) a July 2008 "Fact Sheet" regarding the outside sales exemption under the FLSA, issued by the U.S. Department of Labor, Wage and Hour Division; (2) a copy of New York State Assembly regulation 8 CRR-NY 126.12, which provides, *inter alia*, that recruiters employed by private schools must hold a "private school agent's certificate"; (3) a certificate issued to Plaintiff on August 23, 2018 by the New York State Education Department, entitled "Private School Agent's Certificate," which deems Plaintiff a "TEMPORARY certified sales agent" for MLI; and (4) a copy of a paystub issued by MLI to Plaintiff on August 30, 2018. *See*, Dkt. Entry No. 11-1. Plaintiff has submitted: (1) a declaration from her attorney, Jacob Aronauer, to which an excerpt of MLI's 2019 Employee Handbook and an excerpt of MLI's prospective student application form are attached; and (2) a declaration from Plaintiff, to which a blank form entitled "Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law," is attached. *See*, Aronauer Decl.; Heras Decl., Dkt. Entry Nos. 17 and 18, respectively.

Plaintiff's submissions indicate that she was aware of the likelihood that Defendants' motion could be converted to a motion for summary judgment. *See*, *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) (noting that, if a party submits materials outside the pleadings, it should be aware of the likelihood of conversion and, thus, "cannot complain" that it was deprived of an adequate opportunity to provide the materials it deemed necessary to support its position) (citation omitted).

However, the Court notes that a review of the docket reveals that no discovery has been conducted yet and the parties' submissions do not contain all facts relevant to a disposition of this action. Moreover, Plaintiff's self-serving affidavit was not subject to cross-examination in the same way that her testimony would be in a deposition. Thus, there would "be little point in considering a summary judgment motion when significant relevant facts may yet be discovered." *Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp.2d 275, 278 (S.D.N.Y. 2006). Accordingly, the Court declines to convert Defendants' motion to dismiss to a motion for summary judgment. *See*, *Id.* (declining to convert motion to dismiss to motion for summary judgment where discovery had not begun). Therefore, in deciding the motion, the parties' extrinsic materials shall not be considered (except as noted below) and the Court accepts as true all allegations in the Amended Complaint.

## DISCUSSION

### I. Count I: FLSA Overtime Violations

Under the FLSA, an employee who works "in excess of" forty hours shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which [s]he is employed." 29 U.S.C. § 207(a)(1); *See also*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113-14 (2d Cir. 2013) (citation omitted). The overtime requirements of the FLSA are subject to certain exemptions, and, as relevant here, do not apply to individuals who are employed "in the capacity of outside salesman[.]" 29 U.S.C. § 213(a)(1).

"The application of an exemption to the FLSA is an affirmative defense . . . which may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint[.]" *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (internal quotation

marks and citations omitted). "The applicability of an FLSA exemption—a necessarily fact-bound inquiry—often will not be ascertainable on the basis of the complaint alone." *Id.* at 83.

Defendants seek dismissal of the FLSA overtime claim contending that Plaintiff's employment as a recruiter falls within the "outside sales" exemption of the FLSA. *See*, Def. Mem. at 4-15. Defendants bear the burden of establishing the applicability of this exemption. *See*, *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 227 (2d Cir. 2018) (citation omitted). Thus, Defendants must establish that it is evident from the face of the Amended Complaint that Plaintiff was an "outside salesman."

An "outside salesman" is an employee who "customarily and regularly" works away from the employer's business and whose "primary job duty" is to make sales or to obtain orders or contracts for services. *Flood*, 904 F.3d 219, 223, 228 (2d Cir. 2018); *See also*, 29 C.F.R. § 541.500. An employee's "primary job duty" is defined as the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). To determine the primary job duty of an employee, courts consider "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.* Employees who spend "more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement." *Id.* at § 541.700(b).

Here, the applicability of the outside sales exemption is not ascertainable from the face of the Amended Complaint. The Amended Complaint states that, at times, Plaintiff worked away from MLI, "go[ing] to a location, stand[ing] on the street and try[ing] to convince individual students to take classes at MLI." Am. Compl. at ¶ 31. The Amended Complaint also describes

other duties that Plaintiff performed, such as making appointments to meet with students who were interested in taking courses at MLI, creating physical and electronic files for prospective students based on the information they provided to her, transmitting those files to the FAFSA office, and continuing to interact with students until they commenced at MLI. *Id.* at ¶¶ 32-36. However, the Amended Complaint contains no breakdown of the time spent on these varying duties or details about which tasks, if any, were performed at MLI's campuses and which tasks were performed away from MLI's campuses. The Amended Complaint does not contain sufficient facts for the Court to ascertain Plaintiff's primary duty or whether she was customarily and regularly engaged away from MLI's place of business. As such, Defendants cannot meet their burden of establishing the applicability of the outside sales exemption and their motion to dismiss on this ground is denied. *See, e.g.*, *Gomez v. Dynaserv Indus., Inc.*, 2016 WL 6072371, at *2 (E.D.N.Y. Oct. 17, 2016) (holding that FLSA "executive exemption" was inapplicable affirmative defense because, notwithstanding complaint's use of certain terms relevant to the exemption, there was no indication as to whether the requirements of the exemption had been met thus requiring discovery to determine applicability of exemption).

Defendants' motion to dismiss for failure to state a claim as to Count I also is denied because Plaintiff adequately pleads her overtime claim under the FLSA. To state a plausible overtime claim under the FLSA, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. Plaintiffs "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Plaintiff contends that she "virtually always" and "regularly" worked more than 40 hours per week, without a lunch break, but was not paid overtime. Am. Compl. at ¶¶ 45, 47. She further claims that her workday hours from August 2018 until mid-April 2019 usually were from 9 a.m. to 6 p.m., for a total of nine hours per day, and that, about once a week, she would have to work until approximately 8 p.m. *Id.* at ¶¶ 43-44. Plaintiff's allegations, taken as true, provide sufficient detail about the length and frequency of her unpaid work to state an FLSA overtime claim. *See, e.g., Leon v. Port Wash. Union Free Sch. Dist.*, 49 F. Supp.3d 353, 357 (E.D.N.Y. 2014) (finding plaintiff's allegations that she "regularly worked forty hours per week[,]" along with "estimates" that she worked 1.5 to 2 hours per week, stated claim for FLSA overtime violation); *Di Simone v. CN Plumbing, Inc.*, 2014 WL 1281728, at *4 (E.D.N.Y. Mar. 31, 2014) (denying motion to dismiss FLSA and NYLL overtime claims where plaintiff had alleged that he "typically worked over 40 hours per week" and was not appropriately compensated). Accordingly, Defendants' motion to dismiss the FLSA overtime claim is denied.

## II. Count II: NYLL Overtime Violations

As the NYLL tracks the FLSA, the Court need not discuss separately the outside sales exemption or Plaintiff's overtime allegations under the NYLL. *See, Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 145 (2d Cir. 2013) (citing N.Y. Comp. Codes R. & Regs. tit. 12 § 142–2.2) (noting that New York Labor Law's overtime provision is subject to FLSA exemptions). Defendants' motion to dismiss the NYLL overtime violations claim is denied for the same reasons that the Court denied their motion to dismiss the FLSA overtime violations claim.

## III. Count III: NYLL Failure to Provide Annual Wage Notices

Pursuant to NYLL § 195(1), employers are required to provide a written notice to employees "at the time of hiring" that contains specific categories of information concerning their

wages. *See*, N.Y. Lab. Law § 195(1). Plaintiff alleges that she "never [was] given a notice in her native language" containing information regarding her regular and overtime rates of pay. Am. Compl. at ¶ 52.

Defendants contend that Plaintiff did not plead this claim sufficiently because she did not allege that Defendants' failure to provide wage notices occurred when she was hired by MLI. *See*, Def. Mem. at 16. Plaintiff's allegation that she "never" received wage notices includes the time when she commenced her employment. As such, Defendants' motion to dismiss the NYLL wage notices claim on this basis is denied.

**IV. Count IV: NYLL Failure to Provide Accurate Wage Statements**

The NYLL also requires employers to provide each employee with a wage statement that includes, *inter alia*: "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . and net wages." N.Y. Lab. Law § 195(3). Plaintiff alleges that even though she regularly worked over 40 hours a week, the wage statements that Defendants provided "listed her as having worked exactly 40 hours a week." Am. Compl. at ¶47. Defendants assert that dismissal of this claim is warranted because a paystub dated August 30, 2018 ("the paystub") "proves that the Defendants have complied with Section 195(3) and have set forth the types of information required by 195(3) that was allegedly withheld by them." Def. Mem. at 16-18.

As discussed above, Defendants submitted a copy of a paystub in connection with the instant motion. While extrinsic to the pleadings, the Court considers the paystub because it is integral to the Amended Complaint. *See*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422

(2d Cir. 2011) (A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted). However, one paystub that reflects only one pay period is insufficient to defeat Plaintiff's allegations regarding Defendants' inaccurate wage statements. Accordingly, Defendants' motion to dismiss the NYLL wage statements claim is denied.

## V. Count V: NYLL Failure to Pay Spread of Hours

Under the NYLL, employees are entitled to recover compensation for an extra hour of work at the minimum wage for every day that they work an excess of ten hours. *See,* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. "New York defines spread of hours as the length of the interval between the beginning and end of an employee's workday, which includes working time plus time off for meals plus intervals off duty." *Morales v. Mw Bronx, Inc.*, 2016 WL 4084159, at *7 (S.D.N.Y. Aug. 1, 2016) (internal quotation marks and citation omitted).

Defendants seek dismissal of this claim contending that the NYLL's spread of hours provision does not apply to employees who earn more than the minimum wage and, therefore, is inapplicable to Plaintiff who was hired in August 2018 at an hourly wage above the New York State minimum wage. *See,* Def. Mem. at 17-18. In support of their argument, Defendants rely on the paystub, which shows that Plaintiff's hourly wage on August 30, 2018 was $14.00. *Id.* at 18; Dkt. Entry No. 11-1 at 29.[1] While Plaintiff contends that the paystub does not reflect accurately the hours she worked, she does not dispute the accuracy of the hourly wage noted therein. *See,* Pl. Opp'n at 17. While the paystub is extrinsic to the pleadings, it is integral to the spread of hours claim and will be considered by the Court. *See, Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp.2d

[1] As not all of the pages of Dkt. Entry No. 11-1 are numbered, the Court cites to the page numbers generated by the Court's Electronic Case Filing system when documents are filed.

457, 475 (E.D.N.Y. 2011) (finding that plaintiff's rate of pay was "integral" to his spread of hours claim and, therefore, considering defendants' submission of plaintiff's W-2 forms on a motion to dismiss without converting motion to one for summary judgment).

The NYLL's spread of hours provision applies only to employees who earn minimum wage or less. *See*, *Perez Campos v. Quentin Mkt. Corp.*, 2018 WL 9945754, at *5 (E.D.N.Y. Oct. 17, 2018); *See also*, *Sosnowy*, 764 F. Supp.2d at 474 ("[T]he spread-of-hours provision is properly limited to enhancing the compensation of those receiving only the minimum required by law."). In 2018, in New York City where MLI's campuses are located, employers with over eleven (11) employees were required to pay a minimum hourly wage of $13.00. *See*, N.Y. Lab. Law § 652 (a)(i). Plaintiff alleges that Defendants employed approximately 25 recruiters. *See*, Am. Compl. at ¶ 17. However, as Defendants concede, the minimum wage increased to $15.00 an hour on December 31, 2018. As such, Plaintiff was paid less than the minimum wage between January 2019 and April 2019, relying on the wage stated on the paystub. *See*, Def. Mem. at 18; N.Y. Lab. Law § 652 (a)(i). The Court consequently finds that Plaintiff adequately has pled a spread of hours claim at least for a portion of the time of her employment with Defendants. Accordingly, Defendants' motion to dismiss this claim is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is denied in its entirety. This matter is referred to the magistrate judge for further pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
January 7, 2021

/s/

DORA L. IRIZARRY
United States District Judge