The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

June 17, 2021

**Via ECF**
Hon. Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Heras v. Metropolitan Learning Institute et al.*
                19-cv-02694 (DG) (RLM)

Dear Judge Mann:

      This office represents Plaintiff in the above captioned matter. We write respectfully to seek discovery relief. The parties met and conferred with respect to various discovery issues including the one discussed below.

      By way of background, on May 7, 2019, this office filed a Fair Labor Standards Action ("FLSA") Collective action on behalf of Sandra Heras and similarly situated "recruiters" against the Metropolitan Learning Institute and its president, Boris Davidoff. The lawsuit alleges that Heras and other recruiters were not paid overtime under the FLSA and the New York Labor Law ("NYLL").

      On June 6, 2019, Defendants moved to dismiss the lawsuit. On January 7, 2021, Judge Irizarry denied Defendants' motion to dismiss. On February 17, 2021, Plaintiff filed a second amended complaint ("SAC") Plaintiff's SAC alleged a FLSA Collective and, in addition, a Rule 23 class action under NYLL on behalf of recruiters. In the SAC, Plaintiff alleged that recruiters worked the same schedule, had the same job responsibilities and, in addition, were paid the exact same way.

      Consistent with Plaintiff's allegations, Plaintiff sought discovery on behalf of the potential Rule 23 Class. Defendants refuse to provide class wide discovery. Document requests 6, 9, 11, 12, 29 32, 39 and 40 pertain to class wide discovery that Defendants opposed providing responsive documents. Defendants' response to Plaintiff's document requests are annexed as Exhibit A. In making this objection, Defendants did not take the position that Heras was paid differently than the other recruiters, worked a different schedule or had different job responsibilities.

Upon review of the applicable case law, it is respectfully submitted that the Court order Defendants to provide class wide discovery from May 7, 2013, through the present. Specifically, we request that the Court order Defendants to provide responsive documents with respect to the document requests a referenced in the previous paragraph.

The standard for splitting class certification discovery and class merits discovery is governed by Rule 23 and the Supreme Court's decision in *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338 (2011). In *Wal-Mart*, the Supreme Court held that the "rigorous analysis" necessary for certifying a class "will entail some overlap with the merits of the plaintiff's underlying claim. Thus, Defendants' position that they should not have to provide class wide discovery because such discovery purportedly would not specifically pertain to Plaintiff is without merit. Indeed, the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Chow v. Sentosacare, LLC*, 2020 U.S. Dist. LEXIS 20770, at * 4-5 (S.D.N.Y. Jan. 23, 2020) *citing Wal-Mart*, 564 U.S. 338, 351 (2011). Due to the rigorous analysis required under *Wal-Mart*, Courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases); *see also Burton v. District of Columbia*, 277 F.R.D. 224, 228-330 (D.D.C. 2011) (noting that under the Supreme Court's ruling in *Wal-Mart* that precertification discovery should ordinary be available where a plaintiff has alleged a potentially viable class claim). That is exactly the case in this action.

Class wide discovery has routinely been ordered in the Second Circuit with respect to claims under both the FLSA and the NYLL. *See Thompson v. Global Contact Servs., LLC*, 2021 U.S. Dist. LEXIS 57589, at * 3 (E.D.N.Y. Feb. 16, 2021) (noting that *Wal-Mart* made clear that class certification cannot be evaluated without an examination of the merits-a reality that requires giving plaintiff access to discovery); *see also Rahman v Smith & Wollensky Rest. Grp., Inc.*, 2007 U.S. Dist. LEXIS 37642, at * 3 (S.D.N.Y. May 24, 2017): *see also Van Elzen v Revimedia, Inc.*, 2018 U.S. Dist. LEXIS 132007) at * 18 (Aug. 3. S.D.N.Y. 2018) (holding that more class wide discovery had to be performed in order to reach a decision on whether the class can be certified).

We thank the Court for its consideration.

Respectfully submitted,

/s Jacob Aronauer
Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
*All attorneys on record*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

Sandra Heras, on behalf of herself and
others similarly situated                              No. 19-cv-02694

                                 Plaintiff,

                    -against-                         **DEFENDANTS' RESPONSE**
                                                                **TO PLAINTIFF'S FIRST**
**METROPOLITAN LEARNING**                   **REQUEST FOR DOCUMENTS**
**INSTITUTE, INC. and BORIS DAVIDOFF,**

                               **Defendants.**

---------------------------------------------------------------------X

PLEASE TAKE NOTICE Defendants, Metropolitan Learning Institute, Inc. and Boris Davidoff (the "Defendants") hereby respond to the Plaintiff's first Request for Documents as follows:

## GENERAL OBJECTIONS

1. Defendants' responses are made without waiving any objections as to relevancy, privilege or admissibility on any ground of any document or information provided in response to plaintiff's Document Requests in this or any subsequent proceeding or at the trial of this or any other action, or the right to assert additional objections or to move for a protective order should further review of files and/or pre-trial preparation reveal new information with respect to any part of these Document Requests. A partial response to any Document Request to which there has been an objection, in whole or part, is not intended to be a waiver of the stated objection.

2. Defendants object to plaintiffs' Document Requests to the extent they seek documents or information that are subject to the attorney-client privilege or any other applicable privilege, constitute trial preparation materials or work product, were prepared in anticipation of litigation or are otherwise protected from disclosure under the

1

Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Southern District of New York, or relevant case law. Inadvertent disclosure of any such document or information shall not constitute a waiver of the applicable privilege. Defendants reserve their right to demand the return of any document that may be produced inadvertently during discovery if it determines the document contains privileged material.

3. Defendants object to each Document Request to the extent it seeks to impose discovery obligations that differ from or exceed those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or relevant case law.

4. Defendants object to each Document Request to the extent it is overly broad, unduly burdensome or expensive, or unreasonably cumulative or duplicative.

5. Defendants object to each Document Request to the extent that the documents sought are not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to each Document Request to the extent that the documents sought relate to damages that are not being sought by the Plaintiff.

7. Defendants object to each Document Request to the extent that it seeks documents that embody material that is confidential, including, but not limited to, private or personal information about the Defendants' employees, or is otherwise protected by law.

8. Defendants object to each Document Request to the extent it requires Defendants to produce documents not within their possession, custody or control.

9. Defendants object to each Document Request to the extent it requires Defendants to produce documents already within the plaintiffs or their attorney's or agent's possession, custody or control. Defendants object to each Document Request to the extent it requires Defendants to produce newspaper articles and/or other documents that are publically available.

10. Defendants object to each Document Request to the extent that any term(s) or phrase(s) contained therein is/are unclear, vague or ambiguous.

11. In providing the documents requested by the plaintiff's Document Demands, Defendants do not waive any objection(s) with respect to the admissibility of such documents and/or any information contained therein as evidence at trial.

12. Defendants reserve the right to amend, modify and/or supplement the objections and/or responses contained herein at any time before trial if and when more information becomes available.

13. Defendants submit these general objections and responses to plaintiffs' Document Requests subject to these objections without waiving and/or expressly reserving such objections and without expressly reserving the right to change, modify, supplement or clarify the objections and responses herein at any time before trial.

14. Each of these general objections is continuing and shall be deemed incorporated in Defendants' response to each of the Document Requests.

## REQUESTS FOR PRODUCTION

1. All documents referenced in Defendants' initial disclosures.

3

RESPONSE: Defendants object to this request as vague, ambiguous and overbroad. Notwithstanding and without waiving the aforesaid objections, Defendants refer plaintiff to the Bates numbered documents annexed herein.

2. Defendants human resource manual(s), employee handbook(s), personnel policies, and personnel procedures that reflect, refer or relate in any way to payment of wages, the Fair Labor Standards Act, and/or defendants overtime policies or procedures.

RESPONSE: Defendants refer plaintiff to documents annexed herein.

3. All documents Defendants will rely upon in support of any of Defendants affirmative defenses.

RESPONSE: Defendants object to this request as vague, ambiguous and overbroad. Notwithstanding and without waiving the aforesaid objections, Defendants refer plaintiff to the Bates numbered documents annexed herein.

4. Identify and produce all communications, whether written, electronic, or oral, between any Defendant or agents of Defendants concerning the number of hours that Plaintiff was required to work in a work week.

RESPONSE: Defendants do not possess any responsive documents.

5. All documents reflecting, referring or relating to overtime wages paid to Plaintiff.

RESPONSE: Defendants refer plaintiff to the Bates numbered documents annexed herein.

6. All documents showing the aggregate number of hours worked by the Recruiters, or any subset thereof, for any time period.

RESPONSE: Defendants object to this request as it is not properly limited in time and scope. Notwithstanding and without waiving the aforesaid objections, Defendants have already provided plaintiff's timecards for all relevant times herein.

7. All documents showing the aggregate number of hours worked by Plaintiff for any time period.

RESPONSE: Defendants have already provided plaintiff's timecards for all relevant times herein.

8. Produce all documents, not otherwise produced in response to the foregoing, upon which Defendants rely in denying Plaintiffs' claims.

RESPONSE: Defendants object to this request as vague, ambiguous and overbroad. Notwithstanding and without waiving the aforesaid objections, Defendants refer plaintiff to the Bates numbered documents annexed herein.

9. Identify and provide copies of all documents relating to the Recruiters showing the following:

a) a list of all Recruiters who have worked for Defendants in the past 6 years including their dates of employment and the store(s) which they have worked at.

b) documents showing all Recruiters' workweeks;

5

c) the regular hourly pay for each of the Recruiters' workweeks, along with an example of the basis of pay showing the monetary amount paid on an hourly, daily, weekly, or other basis;

d) the hours each Recruiter worked each workday and the total hours worked each workweek;

e) for each Recruiter, the total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

f) for each Recruiter, the total premium paid over and above straight-time earnings for overtime hours;

g) for each Recruiter, the total additions to or deductions from wages paid each pay period;

h) for each Recruiter, the total wages paid each pay period; and

i) the date of payment and the pay period covered by the payment.

RESPONSE AS TO a) to i) INCLUSIVE: Defendants object to this request as it is not properly limited in time and scope. Defendants further object to this request as overly broad and unduly burdensome.

10. All documents reflecting Plaintiff's time of arrival and time of departure from work each day at MLI.

RESPONSE: Defendants have already provided plaintiff's timecards.

11. All communications between any Defendants relating to the wages to be paid to the Recruiters.

6

RESPONSE: Defendants object to this request as vague, ambiguous and overbroad.

12. All communications between any Defendants relating to the money to be paid to the Recruiters.

RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not appropriately limited.

13. All documents relating to any termination, warning, transfer, or any other discipline of Plaintiff.

RESPONSE: Defendants do not possess any responsive documents.

14. All employee handbooks, memos and any other document relating to Plaintiff's performance of his duties.

RESPONSE: Defendants do not possess any responsive documents.

15. The articles of incorporation and organization of MLI.

RESPONSE: Defendants object in that the document is not likely to be relevant in the present action nor lead to admissible nor relevant evidence. Notwithstanding and without waiving the aforesaid objections, Defendants refer plaintiff to the Bates numbered documents annexed herein.

16. Plaintiff's complete personnel files, including but not limited to, applications for employment, hire forms, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials.

RESPONSE: Defendants refer plaintiff to the Bates numbered documents annexed herein.

17. All documents, including job descriptions, demonstrating Plaintiff's job duties and responsibilities at MLI.

RESPONSE: Defendants refer plaintiff to the Bates numbered documents annexed herein.

18. All documents that demonstrate which employees at MLI were responsible for and/or created Plaintiff's work schedules.

RESPONSE: Defendants do not possess any responsive documents.

19. All documents that demonstrate which employees at MLI were responsible for and/or created Plaintiff's job duties.

RESPONSE: Defendants do not possess any responsive documents.

20. All of Plaintiff's 1099 and/or W-2 forms.

RESPONSE: Defendants' payroll servicer, Oasis Advantage, is in possession of the receptive documents and will be provided under separate cover.

21. All documents showing the compensation paid to Plaintiff at MLI, including but not limited to payroll records, payroll registers, paystubs, paychecks, receipts, and ledgers.

8

RESPONSE: See response to 20.

22. All documents, including but not limited to weekly schedules, concerning when and/or for how much time Plaintiff was scheduled to work at MLI.

RESPONSE: Defendants do not possess any responsive documents.

23. All documents reflecting Plaintiff's time of arrival and time of departure from work each day at MLI.

RESPONSE: Defendants do not possess any responsive documents.

24. All documents reflecting Plaintiff's time of arrival and time of departure from meal or other break times at MLI.

RESPONSE: Defendants do not possess any responsive documents.

25. All contracts and/or agreements, including collective bargaining agreements, governing the terms and conditions of Plaintiff's employment with Defendants.

RESPONSE: Defendants do not possess any responsive documents.

26. All notices provided to Plaintiff pursuant to New York Labor Law Section §195(1).

RESPONSE: Defendants refer plaintiff to the Bates numbered documents annexed herein.

27. All documents concerning Defendant Davidoff's ownership interest, if any, in MLI. This request is not limited to documents from the Relevant Time Period but rather seeks all responsive documents from any time period.

9

RESPONSE: Defendants object in that the document is not likely to be relevant in the present action nor lead to admissible nor relevant evidence.

28. All documents concerning Defendant Davidoff's ownership interest, if any, in other domestic business corporations organized under the laws of the State of New York.

RESPONSE: Defendants object in that the document is not likely to be relevant in the present action nor reasonably calculated to lead to admissible evidence.

29. All documents concerning the operation of Defendants' timekeeping system throughout the Relevant Time Period, including, but not limited to, instruction manuals and settings.

RESPONSE. Defendants object to this request as it is unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.

30. All documents concerning any deductions from Plaintiff's wages.

RESPONSE: Defendants' payroll servicer, Oasis Advantage, is in possession of the receptive documents and will be provided under separate cover.

31. All documents not otherwise produced that refer by name to Plaintiff.

RESPONSE: Defendants object to this request as overly broad and unduly burdensome. Notwithstanding and without waiving the aforesaid objection, Defendants refer plaintiff to The annexed Bates documents herein.

32. All documents, including but not limited to employee manuals, memoranda, emails, correspondence, complaints and/or communications concerning MLI's compensation policies and practices during the Relevant Time Period.

RESPONSE: Defendants object to this request as compound, overly broad and unduly burdensome. Subject to this objection, any responsive, relevant documents will be provided under separate cover.

33. All non-privileged documents containing communications regarding this Action.

RESPONSE: Objection as to term "communications" ambiguous. Defendants further object as this request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

34. An electronic search (word documents, PDFs and e-mails) using the following search terms: "Heras", "Sandra", "Lawsuit", "FLSA", "Fair Labor Standards Act", "New York Labor Law", "NYLL", "Recruiter", "enroll", "class", "Time and a half", "half-rate", "Overtime" and "Minimum Wage."

RESPONSE: Objection as this request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

35. All documents reflecting or concerning any communications, whether written or oral, between Defendants and Plaintiff during the Relevant Time Period.

RESPONSE: Defendants refer plaintiff to the Bates numbered documents herein.

36. All documents concerning Defendants' termination of Plaintiff's employment with Defendants.

RESPONSE: Defendants refer plaintiff to the Bates numbered documents herein.

37. All documents that Defendants intend to use as exhibits in depositions in this action.

38. All documents concerning Defendants' policies, practices, and/or procedures regarding the retention and/or destruction of documents and/or electronic data at Defendants.

RESPONSE: Objection as this request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

39. Documents that contain any references to or notations concerning events and/or the subject-matter alleged in the Complaint, including but not limited to, personal diaries, logs, calendars, notebooks, other documents and/or things maintained by Defendants.

RESPONSE: Objection as this request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

40. Documents concerning any statements made by or taken from any party (i.e., Plaintiff or Defendants) or employees of said parties, former employees of said parties or agents of said parties concerning the allegations in the Complaint.

RESPONSE: Objection as this request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

41. Documents referred to or used by Defendants in drafting any papers it filed in this action.

RESPONSE: Objection as this request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

42. Documents not otherwise requested herein that Defendants intend to use or may use at the trial of this matter.

RESPONSE: Defendants object to this request as it is unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Subject to this objection, any responsive documents intended to be used at trial will be provided under separate cover.

Dated: May 19, 2021

                                            _/s/Christopher Rykaczewski_
                                            Christopher Rykaczewski, Esq.
                                            *Attorney for the Defendants*
                                            *Metropolitan Learning Institute, Inc.*
                                            *And Boris Davidoff*
                                            97-77 Queens Boulevard, 9th Floor
                                            Rego Park, New York 1374
                                            P: 718-897-0482
                                            F: 718-897-5667