UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SANDRA HERAS,

                               Plaintiff,                                       MEMORANDUM
                                                                                     AND ORDER

                   -against-                                                                19-CV-2694 (DG)

METROPOLITAN LEARNING INSTITUTE,
et al.,

                               Defendants.
-------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

       Plaintiff Sandra Heras ("plaintiff") brings this wage-and-hour action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), on her own behalf and on behalf of similarly situated "recruiters" employed by defendants Metropolitan Learning Institute and its president, Boris Davidoff (collectively, "defendants"). By letter-motion dated June 17, 2021, see First Motion for Discovery (June 17, 2021) ("Pl. Motion"), DE #35, plaintiff seeks an order directing defendants, over their objection, see Reply in Opposition (June 21, 2021) ("Def. Opp."), DE #36, to produce class-wide discovery regarding other recruiters, including documents listing all recruiters and their workweeks (Document Request No. 9 (DE #35 at ECF p. 8)). Plaintiff argues that "[c]lass wide discovery has routinely been ordered in the Second Circuit with respect to claims under both the FLSA and the NYLL." Pl. Motion at 2. Defendants disagree, citing and quoting from opinions issued out of this District that have denied similar precertification discovery requests. See Def. Opp. at 1-2.[1]

---

[1] At the time plaintiff filed her motion to compel, she had moved for neither conditional certification of a collective action under FLSA nor for Rule 23 class certification under the NYLL; in the interim,
                                                                                                                     (footnote continued)

In arguing that courts in this Circuit "routinely" order the class-wide discovery she seeks and thereby avoid "splitting class certification discovery and class merits discovery," Pl. Motion at 2, plaintiff oversimplifies the state of the law and overlooks recent caselaw in this District. As Judge Brian Cogan explained in Beaton v. Verizon New York, Inc., 20-CV-672 (BMC), 2020 WL 6449235, at *3 (E.D.N.Y. Nov. 3, 2020) - a decision that postdated the Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011), on which plaintiff heavily relies:

> [C]ourts in this district have proved "very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage." Charles v. Nationwide Mut. Ins. Co., No. 09-cv-94, 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010). These courts have acknowledged that there may be circumstances in which this information is relevant to the issues that arise under Rule 23, such as numerosity, common questions, and adequacy of representation. See id. at *8; see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 n.20 (1978). But a plaintiff is not automatically entitled to this information. See Charles, 2010 WL 7132173, at *8. And courts have "refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification." Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-cv-60, 2013 WL 5132023, at *8 n.9 (E.D.N.Y. Sept. 12, 2013) (quoting Dziennik v. Sealift, Inc., No. 05-cv-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)).
>
> Requests for contact information and records are particularly weak when a plaintiff "has not sought discovery through other means that would support his Rule 23 claim" and has not otherwise "demonstrated that he is entitled to the putative class contact information." Jenkins v. TJX Companies, Inc., No. 10-cv-3753, 2011 WL 1563677, at *2 (E.D.N.Y. Apr. 25, 2011). In Charles v. Nationwide Mutual Insurance Co., No. 09-cv-94, 2010 WL 7132173, at *1 (E.D.N.Y. May 27, 2010), for example, the court applied this principle when a plaintiff brought a class action under the NYLL as well as a collective action under the FLSA. The plaintiff had sought to represent all of the defendant's paralegals, and she filed a motion to compel defendant to produce their names,

---

plaintiff has applied for conditional certification, see First Motion to Certify FLSA Collective Action (July 14, 2021), DE #38, but that motion was only recently fully submitted, see Response to Motion (July 26, 2021), DE #40, and remains *sub judice*.

> contact information, and billing sheets. But the court denied this motion, noting that plaintiff could point to nothing more than "bare allegations" that all the paralegals were "subject to the same pay practice." Id. at *6.
>
> That reasoning applies with equal force here. Although plaintiff maintains that the requested information is relevant, he has not provided any evidence why that is true, beyond the allegations in the complaint and his own declaration. . . . As in Charles, he has not used other discovery devices to establish that all technicians and technician escorts in New York City are subject to the same practices[.] . . . See id. Therefore, plaintiff "has not discussed the need for the requested information in light of the discovery already provided by defendant." Id.
>
> Moreover, the requests would be unduly burdensome, given the detailed information that plaintiff requests. . . . [D]efendant has provided a Rule 30(b)(6) deponent to testify about defendant's policies regarding wage and hour notices and reporting time. I therefore conclude that "plaintiff must conduct some preliminary discovery before he can demonstrate his entitlement to the information he seeks under Rule 23." Jenkins, 2011 WL 1563677, at *2.

Beaton, 2020 WL 6449235, at *3.

So too here, plaintiff has failed to demonstrate that the discovery relevant to her contemplated Rule 23 motion could not be obtained through alternative means, such as interrogatories concerning defendants' policies and practices regarding recruiters and/or Rule 30(b)(6) depositions. She thus has not established her entitlement to class-wide documents, and the Court, exercising its "broad discretion to determine the extent of discovery concerning Rule 23 requirements," Beaton, 2020 WL 6449235, at *3, denies plaintiff's motion to compel the production of class-wide documents relating to and identifying other recruiters.

That said, the Court notes that some of the document demands listed in plaintiff's letter-motion seek documents relating to policies and practices, rather than to specific recruiters; by way of example only, Document Demand No. 32 (DE #35 at ECF p. 14) requests manuals and similar documents "concerning [defendants'] compensation policies and practices[.]" Unfortunately, neither side has addressed each of the listed Document Demands, but instead

3

has argued either for or against class-wide discovery, without analyzing any specific demand. As the parties have not undertaken a demand-by-demand analysis, the Court declines to do so, but instead directs the parties to meet and confer in a good faith effort to resolve any remaining discovery disputes, consistent with the rationale of this opinion.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to compel is denied without prejudice.

**SO ORDERED.**

**Dated:** Brooklyn, New York
July 30, 2021

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**