**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**SANDRA HERAS,**

|  | **MEMORANDUM** |
|---|---|
| **Plaintiff,** | **AND ORDER** |
| -against- | **19-cv-2694 (DG)** |

**METROPOLITAN LEARNING INSTITUTE, et al,**

**Defendants.**
-----------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

As has become par for the course in this overly contentious litigation, plaintiff has moved to compel discovery and for sanctions on account of defense counsel's "obstructive behavior" (DE #69 at 1), and defendants have responded in kind, characterizing plaintiff's counsel's conduct as "highly unprofessional" and warranting sanctions (DE #70). While the Court is tempted to sanction both attorneys for unnecessarily multiplying the proceedings in this case, it declines to do so at this time, but warns each that he is on thin ice with his persistent sharp practices.

As for the parties' discovery dispute, their latest contretemps concerns defense counsel's direction to defendant MLI's Rule 30(b)(6) witness not to answer certain questions, based on a prior judicial ruling purportedly limiting discovery to the year 2018. In moving to compel responses, plaintiff's counsel counters that a Memorandum and Order issued by this Court on July 30, 2021 (DE #41) authorized plaintiff to "see[k] class wide discovery via the Rule 30[(]b)(6) deposition" (DE #69 at 1). In fact, the Court had not authorized "class wide discovery" (no Rule 23 class has been certified), but had observed in the M&O that information concerning "defendants' policies and practices regarding recruiters" could be sought via interrogatory or Rule 30(b)(6) depositions (DE #41 at 3). This is hardly the first time that the Court has had to correct plaintiff's counsel's unfounded assertion that the Court had authorized "class wide discovery" (see 8/3/21 Order).

Defendants' response to plaintiff's motion to compel is equally disingenuous.  Contrary to defense counsel's assumption, the ruling cited by him—this Court's Memorandum and Order of September 28, 2021 (DE #57)—did not purport to limit any and all discovery to information concerning recruiters at MLI's Rego Park location since August 16, 2018; rather, the Court conditionally certified a collective action with that geographical and temporal scope and ordered defendants to produce contact information for members of that collective (see DE #57 at 16).  The Court in no way held or implied that discovery concerning defendants' policies and practices was similarly limited.

In any event, even assuming *arguendo* that defense counsel believed that the Court's September 28th M&O provided a basis for objecting, on relevance grounds, to discovery concerning policies and practices as to recruiters employed at other locations or during an earlier period (notwithstanding the six-year statute of limitations under the NYLL), he nevertheless acted improperly in instructing the Rule 30(b)(6) witness not to answer.  See FRCP 30(c)(2).  Plaintiff's Rule 30(b)(6) Notice expressly defined "Recruiters" and "Relevant Time Period" to encompass the six-year period predating the filing of this lawsuit (see DE #69-1 at 2-3); as such, defense counsel should have raised with plaintiff's counsel, in advance of the deposition, any objection to those definitions and, if the parties were unable to resolve the issue, he should either have (a) moved for a protective order prior to the deposition or (b) noted his objection on the deposition record and allowed the witness to answer the questions.

As discovery closes today, the Court can only hope that the parties' chronic bickering will come to an end.  Counsel are reminded that requests for a premotion conference are due by November 5, 2021.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
          **October 29, 2021**

/s/  *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**