```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SANDRA HERAS,

                          Plaintiff,            MEMORANDUM
                                                AND ORDER

          -against-                             19-cv-2694 (DG)

METROPOLITAN LEARNING
INSTITUTE, et al.,

                          Defendants.
---------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On November 15, 2021, plaintiff Sandra Heras moved to compel defendants to respond to plaintiff's second set of interrogatories (the "Second Set"), which plaintiff had served on September 28, 2021. See Second Motion for Discovery (Nov. 15, 2021) ("Pl. Motion"), DE #78. In so moving, plaintiff notes that, after initially agreeing to provide responses, defendants had, on November 12, 2021, refused to do so, citing the presumptive limit of 25 interrogatories (the "25-rog cap") in FRCP 33(a)(1). See Pl. Motion at 2. Plaintiff claims that defendants waived that objection by raising it belatedly, on November 12, 2021, in violation of FRCP 33(b)(2). See id.

Defendants' opposition to plaintiff's pending motion reiterates that the Second Set violates the 25-rog cap, but does not address plaintiff's waiver argument. See Reply in Opposition (Nov. 15, 2021) ("Def. Opp."), DE #79. At the Court's direction, see Order (Nov. 15, 2021), defendants supplemented their submission, asserting that, by requesting a

response to the Second Set after the 30-day period had closed, plaintiff had waived the 30-day deadline of Rule 33(b)(2), see Reply to Response (Nov. 19, 2021), DE #83.

Counsel for both sides are admonished for failing to act in good faith to resolve this dispute and thus to avoid yet another in a series of applications for judicial intervention. As an initial matter, it cannot be disputed that, having previously served an original set of 20 interrogatories, see Def. Opp. at 1, plaintiff far exceeded the 25-rog cap in serving defendants with the Second Set, consisting of 10 numbered interrogatories, eight of which each include nine subparts, see Ex. A to Pl. Motion. Plaintiff should not have served such an excessive number of interrogatories without first attempting to secure defendants' consent.

Defense counsel's handling of the challenged interrogatories was equally unprofessional. Defendants should not have waited until after the expiration of Rule 33's 30-day deadline before informing plaintiff's counsel that substantive responses would not be forthcoming. Instead, defendants should have promptly interposed their objection, to afford plaintiff an opportunity to select the five interrogatories that plaintiff wished to pursue and/or to negotiate for a larger number. The Court rejects defense counsel's disingenuous contention that plaintiff's counsel waived plaintiff's waiver argument by emailing defense counsel after the 30-day period to demand defendants' overdue responses.

Nevertheless, the Court concludes that the belated nature of defendants' objection does not excuse plaintiff's flagrant violation of Rule 33(a)(1). Even disregarding its many discrete subparts, the Second Set comprised ten numbered interrogatories, in addition to plaintiff's previous 20. Plaintiff has proffered no justification whatsoever for exceeding the 25-rog cap. "For a court to grant leave to serve more than 25 interrogatories, the movant must make

a 'particularized showing' articulating the necessity of propounding further interrogatories."
Yong Biao Ji v. Aily Foot Relax Station Inc., 19 Civ. 11881(VB)(JCM), 2021 WL 1930362, at *5 (S.D.N.Y. May 12, 2021) (citing Douglas v. Harry N. Abrams, Inc., 13-CV-2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016)).  Plaintiff has made no such showing in this case.[1]  Plaintiff's motion to compel is denied on that basis.

      SO ORDERED.

Dated:    Brooklyn, New York
            December 13, 2021

                                            /s/ *Roanne L. Mann*
                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[1] Indeed, the intervening Rule 30(b)(6) deposition conducted by plaintiff's counsel may well have obviated any potential claimed need for the information sought in the Second Set.