UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SANDRA HERAS,

                                Plaintiff,                              MEMORANDUM
                                                                         AND ORDER

          -against-                                              19-CV-2694 (DG)

METROPOLITAN LEARNING INSTITUTE, et al.,

                                Defendants.
------------------------------------------------------------------------x
ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

       Despite this Court's repeated rebukes of both counsel for "unnecessarily multiplying the proceedings in this case" and engaging in "sharp practices," see Memorandum and Order (Oct. 29, 2021) ("10/29/21 M&O") at 1-2, Docket Entry ("DE") #71; see also Memorandum and Order (Dec. 13, 2021) at 2, DE #84, counsel for plaintiff Sandra Heras has filed yet another discovery application devoid of merit. Specifically, in a motion filed on December 22, 2021, plaintiff's counsel seeks a preclusion order and attorneys' fees, on the ground that defendants "prevented [p]laintiff from obtaining discovery with respect to the potential Rule 23 Class" by, among other things, producing a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure who failed to "prepare for questions pertaining to the potential Rule 23 Class[.]" First Motion for Sanctions (Dec. 22, 2021) ("Pl. Mot.") at 2, DE #85.[1] In addition, plaintiff complains that defendants "did not engage in a good faith search for electronic discovery" and that therefore the Court should "reconsider [its] holding that[,]" id.

---

[1] Although docketed as plaintiff's "First Motion for Sanctions," the pending application was preceded by multiple discovery motions by plaintiff seeking sanctions.

at 3, on repeated occasions, rejected plaintiff's efforts to obtain documents and information relating to members of a putative class that has not been certified, see 10/29/21 M&O at 1 (denying plaintiff's latest in a series of unwarranted demands for "class wide discovery") (citing Memorandum and Order (July 30, 2021) at 3, DE #41; Order (Aug. 3, 2021)). Plaintiff's most recent effort to secure sanctions is based on a distorted depiction of the record and, once again, affords no basis for the relief requested.

*Rule 30(b)(6) Deposition*

In claiming that defendants "have effectively not shown up for the Rule 30(b)(6) deposition as it pertained to the Rule [23] class[,]" Pl. Motion at 2, plaintiff attaches a selection of 14 pages of the deposition transcript of James Bruce, defendants' Rule 30(b)(6) witness, without citation to specific portions thereof, see Ex. B to Pl. Motion ("Bruce Dep."), DE #85 at pp. 10-23;[2] but cf. Order (Nov. 18, 2021) (reminding plaintiff that any such motion should "specify specific portions of the deposition transcript that plaintiff claims support her challenge"). Those excerpts reflect that the witness did not review any time or pay records relating to recruiters other than those at the Rego Park Campus since 2018, nor did he otherwise undertake any preparation regarding recruiters outside the scope of the FLSA collective. See Bruce Dep. at 58-61, 64, 66, DE #85 at pp. 14-17, 18, 20. Nevertheless, as defendants correctly observe, plaintiff's latest motion artfully edits the Court's 10/29/21 M&O, which expressly rejected plaintiff's demand for Rule 30(b)(6) testimony concerning a Rule 23 Class – except to the extent that the examination concerns "defendants' policies and practices

---

[2] The difficulty in locating relevant portions of the record is compounded by plaintiff's failure to docket each exhibit as a separate PDF. For ease of reference, this Court's citations to pages in plaintiff's undifferentiated exhibits are followed by the page numbers assigned by the ECF system (i.e., DE #85 at p. \_).

regarding recruiters[.]" Response in Opposition (Dec. 27, 2021) ("Def. Opp.") at 2, DE #86 (quoting 10/29/21 M&O at 1). Conspicuously absent from plaintiff's motion for sanctions is any allegation that the Rule 30(b)(6) witness either was unable or refused to answer questions concerning such policies or practices. See Bruce Dep. at 64, 65, DE #85 at pp. 18, 19 (deposition witness expresses willingness to answer questions regarding policy and procedures); Def. Opp. at 4 (referencing plaintiff's counsel's "failure to ask the appropriate questions that reasonably should have been asked by a reasonably diligent attorney").

Sanctions in connection with a Rule 30(b)(6) deposition are appropriate only where "the inadequacies in a deponent's testimony [are] egregious and not merely lacking in desired specificity in discrete areas." Kyoei Fire & Marine Ins. Co. Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (internal quotation marks and citation omitted); accord Branch v. State Univ. of New York, 18cv09516 (AT) (DF), 2020 WL 7230703, at *4 (S.D.N.Y. Dec. 8, 2020); Agniel v. Central Park Boathouse LLC, No. 12 Civ. 7227(NRB), 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015); Spanski Enters., Inc. v. Telewizja Polska, S.A., No. 07 Civ. 930(GEL), 2009 WL 3270794, at *2 (S.D.N.Y. Oct. 13, 2009) (Lynch, J.). Moreover, a corporation's obligation to prepare a witness to address topics included in a Rule 30(b)(6) notice of deposition is triggered where the witness lacks personal knowledge of the matters set forth in the deposition notice. See, e.g., Coty Inc. v. Excell Brands, LLC, 15-CV-7029 (JMF), 2016 WL 7187630, at *2 (S.D.N.Y. Dec. 9, 2016) (collecting cases). Here, however, "the designated witness had been the main campus director for over 20 years, and therefore had thorough personal knowledge in regards to policies and procedures as they relate to recruiters." Def. Opp. at 3; see Bruce Dep. at 7, DE #86-1; Bruce Dep. at 64-65, 72, DE

3

#85 at pp. 18-19, 23. The facts of this case thus bear no resemblance to those in the Coty case, on which plaintiff relies. See Pl. Motion at 2. Rather, the more appropriate analogy is Rahman v. The Smith & Wollensky Restaurant Grp., Inc., No. 06 Civ. 6198LAKJCF, 2009 WL 773344, at *3 (S.D.N.Y. Mar. 18, 2009), in which the court rejected a similar motion for sanctions: "Although [the Rule 30(b)(6) witness] admitted that he 'didn't necessarily prepare' for the deposition, he explained that formal preparation was unnecessary because he was intimately familiar with the topics of his deposition. . . . [A]lthough plaintiff complains generally of the deponents' performance, the plaintiff fails to indicate what specific information he still lacks." Simply put, plaintiff's sanctions motion is meritless and "tactically motivated" and is therefore denied. See Agniel, 2015 WL 463971, at *2.

*Defendants' ESI Search*

Plaintiff additionally argues, in conclusory fashion, that contrary to the agreement between counsel, Mr. Bruce and defendant Boris Davidoff "did not perform [an ESI] search for responsive documents." Pl. Motion at 3. Here again, as confirmed by defendants' submission in opposition, the deposition excerpts proffered by plaintiff were cherry-picked to omit testimony undermining plaintiff's challenge. See Def. Opp. at 4 & Ex. 4 (Davidoff Dep. at 68-69), DE #86-4.[3] Furthermore, in emailing plaintiff's counsel regarding the results of defendants' ESI search, defense counsel concluded by stating that "[i]f you have any further issues with the discovery provided, I request you please request to meet and confer before taking it up with the court." Email from Chris Rykaczewski Esq. dated August 25, 2021 at 5:55 a.m, DE #85 at p. 36. As plaintiff's challenge to defendants' ESI search is unsupported

---

[3] Moreover, the relevant question is whether the ESI search of the agreed-upon repositories was conducted, not whether Messrs. Bruce and Davidoff personally performed the referenced ESI search.

by the requisite certification that, before moving for sanctions, plaintiff's counsel conferred with defense counsel in a good faith effort to resolve any issues with defendants' ESI search, the Court denies this aspect of plaintiff's application. Given the strategic and irksome nature of plaintiff's counsel's filing of seriatim discovery motions, this Court will entertain no further applications on this issue.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for sanctions is denied in its entirety.

**SO ORDERED.**

**Dated:** Brooklyn, New York
January 3, 2022

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**