UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Sandra Heras,

                          Plaintiff,                    **MEMORANDUM & ORDER**
                                                                                      19-CV-02694 (DG) (PK)

        -against-

Metropolitan Learning Institute, Inc. and Boris
Davidoff,

                          Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On May 7, 2019, Plaintiff Sandra Heras commenced this action under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") against Defendants Metropolitan Learning Institute, Inc. and Boris Davidoff (together, "Defendants").  *See* ECF No. 1.  On November 25, 2024, a one-day bench trial was held before the undersigned.  The Court concluded that Plaintiff had met her burden of proof as to her claims for unpaid overtime violations under the FLSA, unpaid overtime violations under the NYLL, failure to provide wage statements under the NYLL, and failure to provide spread-of-hours pay under the NYLL and Plaintiff was awarded a total of $25,233.06.  *See* Judgment, ECF No. 171; *see also* Findings of Fact & Conclusions of Law, ECF No. 170.[1]

       Pending before the Court is Plaintiff's March 14, 2025 letter motion for attorney fees and expenses (the "Motion").  *See* Motion, ECF No. 173.  Plaintiff initially requested $105,474.80 in attorney fees and $5,714.72 in expenses, *see generally* Motion; *see also* March 28, 2025 Letter, ECF No. 175; Plaintiff thereafter requested an additional $1,605.00 in attorney fees for time

---

[1] Familiarity with the lengthy procedural history and background of this action is assumed herein.

spent by Plaintiff's counsel (at an hourly rate of $500) "reviewing Defendants' application [at ECF No. 176], reviewing applicable case law, opposing their application (dkt 179) and reviewing the Court's April 16, 2025 decision denying Defendants' request," *see* Declaration of Jacob Aronauer ("Aronauer Decl."), ECF No. 180; and Plaintiff thereafter requested that the Court "take [an additional $2,734.01 in] fees and expenses into consideration with respect to Plaintiff's outstanding application for attorney fees (dkt 173)," *see* July 17, 2025 Letter, ECF No. 188.

Plaintiff argues, *inter alia*, that "Defendants engaged in vexatious litigation;" that "[t]here were procedural tools available to Defendants to reduce their financial exposure to potential attorneys' fees in what was not a high value FLSA case;" and that "the parties settled in principle after a mediation . . . [but] Defendants elected not to honor the settlement and proceed to trial . . . [which] led to Plaintiff's counsel incurring further fees including preparing for trial, the actual trial and the post-trial brief" and Plaintiff asserts that her request is reasonable. *See generally* Motion.

Defendants oppose the Motion. *See* Defendants' Memorandum of Law in Opposition ("Def. Br."), ECF No. 177. More specifically, Defendants request that "the Court deny Plaintiff's Motion entirely or decrease the amount to a reasonable amount at the discretion of the Court." *See* Def. Br. at 6.

Defendants argue that "Plaintiff's fees are in excess of the prevailing rate;" that "counsel has not demonstrated this matter is anything more than a straightforward FLSA case;" that "Plaintiff's exhibits are irrelevant to the subject case;" that "Plaintiff's claims are excessive;" and that "Plaintiff's time entries are vague and unintellig[i]ble." *See generally* Def. Br.

For the reasons set forth below, the Motion is granted in part and denied in part.

## DISCUSSION

As set forth below, the Court has determined that Plaintiff is entitled to attorney's fees in the amount of $65,299.28 and costs in the amount of $5,714.62.

### I. Applicable Law

#### A. Attorney's Fees

Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198; *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). A district court has discretion to determine what constitutes a reasonable fee. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Bay Park Ctr. for Nursing & Rehab. LLC v. Philipson*, 659 F. Supp. 3d 312, 317-18 (E.D.N.Y. 2023) (noting that courts "have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award" (quotation omitted)). The fee applicant must submit adequate documentation supporting the requested fee, *see Fisher*, 948 F.3d at 600, and the fee applicant bears the burden of demonstrating that the requested fee is reasonable, *see Rosario v. Marper Terminal Servs. Corp.*, No. 24-CV-04511, 2025 WL 2687741, at *3 (S.D.N.Y. Sept. 18, 2025).

"Both [the United States Court of Appeals for the Second Circuit] and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *See Millea*, 658 F.3d at 166 (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and additionally noting that "[w]hile the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error").

3

With respect to determination of a reasonable hourly rate, the Second Circuit has stated that "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation omitted); *see also Teoh v. Manhasset Rest., LLC*, No. 22-CV-04110, 2025 WL 1088045, at *3 (E.D.N.Y. Apr. 10, 2025) (noting that "[t]o determine the reasonable hourly rate, courts generally use the prevailing rates used in their District" and that "[a]dditionally, courts also use factors such as the labor and skill required, the difficulty of the legal questions, the attorney's customary rate, the amount at stake, and awards in similar cases" (quotations omitted)), *report and recommendation adopted*, No. 22-CV-04110, 2025 WL 1736835 (E.D.N.Y. June 23, 2025).

With respect to determination of the reasonable number of hours required by the case, the Second Circuit has stated that "a district court should 'examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case,' and if it 'concludes that any expenditure of time was unreasonable, it should exclude these hours' from the fee calculation." *See Hines v. City of Albany*, 613 F. App'x 52, 54 (2d Cir. 2015) (alteration accepted) (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)); *see also Chen v. Glow Asian Foods, Inc.*, No. 19-CV-00630, 2023 WL 6292576, at *2 (E.D.N.Y. Sept. 27, 2023) (noting that "[a]n application for attorney's fees must be supported by accurate, detailed, and contemporaneous time records" but that "[e]ven when supported by such documentation hours that were excessive, redundant, or otherwise unnecessary to the litigation are not recoverable" (quotations omitted)); *Zang v. Daxi Sichuan, Inc.*, No. 18-CV-06910, 2023 WL 2305934, at *9 (E.D.N.Y. Mar. 1, 2023) (noting that "generally the denial of a class or collective action certification motion justifies a reduction in fees, given the impact that such

certification may have on the quantity and quality of the available relief" and that "courts reduce attorney's fees for work done on motions that were never filed, on claims that were abandoned, on motions that were unreasonable or had little chance of success, and on submissions that failed to comply with court orders" (quotations omitted)). "In determining the reasonable number of hours of work for a fee award, courts are expected to take into account their own familiarity and experience both generally and with the particular case at hand." *Shen v. ZenTao Inc.*, No. 19-CV-07269, 2025 WL 746478, at *5 (E.D.N.Y. Feb. 18, 2025) (ellipses omitted) (quotation omitted), *report and recommendation adopted*, No. 19-CV-07269, 2025 WL 746063 (E.D.N.Y. Mar. 7, 2025). The Second Circuit has stated that "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application," *see McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quotation omitted), and has noted that "the Supreme Court has been careful to note that only those hours 'reasonably expended' are to be awarded," *see id*. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)).

**B.     Costs**

Under the FLSA and the NYLL, a prevailing plaintiff is entitled to recover costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Fisher*, 948 F.3d at 600. "An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (alteration accepted) (quotation omitted); *see also Ladino v. Cordova*, No. 21-CV-02449, 2024 WL 968898, at *8 (E.D.N.Y. Feb. 14, 2024) (noting that "[o]rdinarily, plaintiffs may recover '[c]osts relating to filing fees, process servers, postage, and photocopying'" (quoting *Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008)); that

"[p]laintiffs may also recover the costs of depositions where they appear to have been reasonably necessary to the litigation at the time they were taken" (quotation omitted); and that "[o]nly those costs that are tied to identifiable, out-of-pocket disbursements are recoverable" (quotation omitted)), *report and recommendation adopted*, No. 21-CV-02449, 2024 WL 967635 (E.D.N.Y. Mar. 6, 2024). "The fee applicant must submit adequate documentation supporting the requested . . . costs." *Fisher*, 948 F.3d at 600.

## II. Plaintiff Is Entitled to an Award of Attorney's Fees

Plaintiff prevailed at trial as to the majority of her claims and Plaintiff is entitled to an award of attorney's fees, to be paid by Defendants jointly and severally.[2]

*Hourly Rates*

Here, the "hourly requested rates" are:

- 2019: $400 for attorneys and $100 for paralegals
- 2020: $415 for attorneys and $110 for paralegals
- 2021: $450 for attorneys and $125 for paralegals
- 2022: $475 for attorneys and $150 for paralegals
- 2023: $475 for attorneys and $150 for paralegals
- 2024: $500 for attorneys and $150 for paralegals
- 2025: $500 for attorneys and $150 for paralegals

*See* Motion at 3; *see also* Aronauer Decl. ¶ 5; ECF No. 188-1.[3]

---

[2] Although the Court concluded that Plaintiff failed to establish standing with respect to her claim for failure to provide a wage notice under the NYLL, *see* Findings of Fact & Conclusions of Law at 3, 25, 32; Judgment at 1, Plaintiff is properly deemed a prevailing plaintiff here and, indeed, Defendants do not appear to contest that Plaintiff is a prevailing plaintiff, *see generally* Def. Br.

[3] The Court notes that although Plaintiff requests an hourly rate of $150 for paralegals for work done in 2025, the billing records submitted with the July 17, 2025 Letter reflect an hourly rate of $175 for paralegals for work done in 2025, *see* ECF No. 188-1, and although Plaintiff requests an hourly rate of $100 for paralegals for work done in 2019, the billing records submitted with the Motion reflect an hourly rate of $400 for paralegals for June 26, 2019, June 28, 2019, and November 4, 2019. *See* ECF No. 173-6.

6

Plaintiff provides the following information about her counsel, Jacob Aronauer: in 2005, Mr. Aronauer received a J.D. from Suffolk University Law School; in 2013, he formed his own law firm after working at the New York City Mayor's Office of Labor Relations for four and a half years, where he represented New York agencies in labor disputes; and from 2018 through 2020 and from 2022 through 2024, he received certain accolades. *See* Motion at 3. Plaintiff sets forth that Mr. Aronauer's firm specializes in employment law with a primary focus in wage and hour actions. *See* Motion at 3.

Plaintiff does not provide individualized information about Mr. Aronauer's paralegals but asserts that Mr. Aronauer "disbursed a fair amount of work to paralegals that in most small firms like [his] are undertaken by the attorneys." *See* Motion at 4.

Plaintiff asserts that counsel "obtained an excellent result for [Plaintiff]" and that the "result was not obtained after filing a complaint and then reaching a quick resolution . . . [r]ather, it was obtained after six years of litigation and winning at trial." *See* Motion at 4.

Plaintiff argues that "the rates sought are consistent with prior fee awards issued in the EDNY" and asserts that "there is a plethora of cases in the EDNY ordering relatively low hourly rates compared to the rates across the river in the Southern District of New York." *See* Motion at 4. Plaintiff criticizes "the Eastern District courts" for purportedly "making reasonability determinations for decades out of whole cloth." *See* Motion at 4.

The Court declines to award the requested hourly rates for Mr. Aronauer and his paralegals.

As courts have noted, judges in the Eastern District of New York in recent years in wage and hour cases have awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff.

7

*See Shen*, 2025 WL 746478, at *3; *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-03848, 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022); *see also Teoh*, 2025 WL 1088045, at *4 (noting that "[t]he prevailing hourly rates for wage and hour cases within this District typically span from $300 to $450 for partners, $200 to $300 for senior associates, $100 to $200 for junior associates, and $70 to $100 for support staff" and collecting cases (quotation omitted)); *Gao v. Jian Song Shi*, No. 18-CV-02708, 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (similar), *report and recommendation adopted sub nom. Bin Gao v. ABC Corp.*, No. 18-CV-02708, 2021 WL 1946322 (E.D.N.Y. May 15, 2021); *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-04895, 2019 WL 8381264, at *15 (E.D.N.Y. Dec. 9, 2019) (noting that "[i]n recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals" (quotation omitted)), *report and recommendation adopted*, No. 16-CV-04895, March 31, 2020 docket entry; *but see Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025) (in Fair Credit Reporting Act matter, increasing hourly rates for attorney's fees to account for inflation and market conditions).

Here, the requested hourly rates for Mr. Aronauer are at the high end of – or above – the range of rates generally found to be reasonable and therefore awarded in this District. The requested rates are not reasonable under the circumstances of this case – which, *inter alia*, did not involve any particular novelty or complexity – legal or factual. *See, e.g.*, *Ladino*, 2024 WL 968898, at *6 (reducing Mr. Aronauer's requested hourly rate of "$415 for 2021 and 2022, and $425 for 2023" to "$315 for all hours expended on this case" because, *inter alia*, "[t]here is nothing about this FLSA case that was particularly complex," "[the case] did not involve novel

8

issues of law, complicated facts, or a multitude of parties," "[t]he motion for conditional class certification was denied," and "[m]ultiple discovery motions and motions for sanctions were also denied").

Mr. Aronauer's hourly rates are reduced as follows:

| Jacob Aronauer | | |
|---|---|---|
| Year | Requested Hourly Rate | Reduced Hourly Rate |
| 2019 | $400 | $300 |
| 2020 | $415 | $315 |
| 2021 | $450 | $350 |
| 2022-2023 | $475 | $375 |
| 2024-2025 | $500 | $400 |

The requested hourly rates for Mr. Aronauer's paralegals also are not reasonable. As an initial matter, the Court notes that Plaintiff has not submitted documentation that would permit the Court to conclude that the requested rates are reasonable. Indeed, Plaintiff provides no information about any paralegal's background, experience, or work history. *See generally* Motion; Aronauer Decl.; July 17, 2025 Letter; *see, e.g.*, *Bay Park Ctr. for Nursing & Rehab. LLC*, 659 F. Supp. 3d at 319 (noting that "[n]o resume or background information for the paralegal was submitted" and stating that "[a]lthough such deficiency would enable the Court to deny fees for the unnamed paralegal altogether, or at least postpone the determination of a reasonable hourly rate, the Court finds that an award at the lower end of the spectrum for paralegals – $70 per hour – is appropriate"). This omission is particularly notable in light of the fact that in connection with a fee application, another judge in this District recently reduced the hourly rate for Mr. Aronauer's paralegals from $165 to $70, highlighting that "no information about these paralegals' individual experiences or work history to allow the Court to justify awarding [the] higher rate" was provided. *See Ladino*, 2024 WL 968898, at *6. In addition, as noted above, there was nothing particularly novel or complex about the legal or factual issues in

9

this case.

The hourly rates for the paralegals are reduced as follows:

| Paralegals | | |
| --- | --- | --- |
| Year | Requested Hourly Rate | Reduced Hourly Rate |
| 2019 | $100 | $70 |
| 2020 | $110 | $70 |
| 2021 | $125 | $70 |
| 2022-2025 | $150 | $70 |

*Hours Worked*

Plaintiff submitted billing records reflecting dates, numbers of hours worked, and nature of work performed (with varying degrees of specificity). *See* ECF No. 173-6; ECF No. 180-1; ECF No. 188-1. According to the records submitted, Mr. Aronauer and his paralegals spent a total of 289.34 hours on this case since its inception in 2019. Specifically, Mr. Aronauer spent 203.81 hours and the paralegals spent a combined 85.53 hours.

Upon review of the billing records and consideration of the record as a whole – and having presided over the bench trial in this action in November 2024 and having presided over this action as a whole for more than four years – the Court has determined that a percentage reduction in the number of hours is warranted.

Here, as reflected on the docket, Plaintiff's counsel engaged not only in unsuccessful motion practice but also in conduct that was found to constitute "sharp practices," was found to demonstrate a failure to act in good faith, was found to constitute a "flagrant violation" of Federal Rule of Civil Procedure 33(a)(1), and ran afoul of Court orders and the Individual Practice Rules of more than one judge in this District. *See generally* docket; *see, e.g.*, March 19, 2021 Order (then-Magistrate Judge Roanne L. Mann stating that "[c]ounsel have ignored the Court's order of February 11, 2021"); ECF No. 41 (Judge Mann noting in July 30, 2021 Memorandum and Order that "plaintiff oversimplifies the state of the law and overlooks recent

10

caselaw in this District"); ECF No. 87 (Judge Mann observing in January 3, 2022 Memorandum and Order: "Despite this Court's repeated rebukes of both counsel for unnecessarily multiplying the proceedings in this case and engaging in sharp practices, counsel for plaintiff Sandra Heras has filed yet another discovery application devoid of merit" (quotations and citations omitted) (citing ECF Nos. 71 and 84)); ECF No. 127 (then-Magistrate Judge Sanket J. Bulsara observing in August 18, 2023 Report & Recommendation that "[t]he parties' Rule 56.1 statements are, quite frankly, a complete and total mess, and run afoul of the basic rules governing such submissions"); November 22, 2023 Order (Judge Bulsara stating, *inter alia*, that "[t]he parties' Joint Pretrial Order [ECF No. 136] fails to comply with Judge Gujarati's Individual Practices in several substantial respects" and that "[t]hese failures to comply and attendant omissions risk the Court's sanction including entry of a judgment via default, striking of claims or defenses and risks substantial delay in setting a trial date"); September 23, 2024 Order (Judge Bulsara stating, *inter alia*: "Plaintiff's counsel has repeatedly filed letters with the Court. This violates several of the Court's Individual Practices and the Court's prior admonitions in this case. The conduct must cease."); November 18, 2024 Order (the undersigned – on the eve of trial – stating that "[t]he parties have failed to comply with the undersigned's Individual Practice Rules with respect to provision of exhibits to the Court"). In addition, examples of time inefficiently spent by Plaintiff's counsel abound. *See, e.g.*, June 25, 2021 Order (reflecting that Plaintiff filed an application that both failed to identify the legal basis supporting Plaintiff's request of the Court and that was premature); August 4, 2021 Order (Judge Mann – in response to Plaintiff's counsel purporting to remind Judge Mann that a motion was still pending – noting that she had acted on the motion the day it was filed); ECF No. 153 (November 6, 2024 letter from Mr. Aronauer to Court stating: "I apologize very much but I misplaced my notes from the conference. I recognize

11

that this is not acceptable. Accordingly, I request that the Court provide (admittedly once again) the content of the joint legal memorandum it ordered."); ECF No. 154 (November 11, 2024 letter from Mr. Aronauer to Court stating: "I withdraw my request for clarification from the Court with respect to the legal memorandum of law (dkt 153). I ordered the transcript from the October 30, 2024 conference. I thank the Court for its patience."); ECF No. 155 (November 12, 2024 letter from Mr. Aronauer to Court stating: "I will shortly be providing Plaintiff's proposed exhibit list and Plaintiff's proposed joint legal memorandum of law. Defendants' counsel is not responding to me."); ECF No. 166 (December 10, 2024 letter from Mr. Aronauer to Court requesting to "amend post-trial brief" because "I did not provide the lines of the transcript pages that I cited in my post-trial brief"); *see also* ECF No. 173-6 (reflecting that on November 6, 2024, Mr. Aronauer spent 0.10 hour and charged $50.00 for "Letter in re joint legal memo of law;" that on November 12, 2024, Mr. Aronauer spent 0.10 hour and charged $50.00 for "Letter in re not responsive Defendants;" and that on December 10, 2024, Mr. Aronauer spent 0.10 hour and charged $50.00 for "Motion to amend/correct/supplement post-trial brief").[4]

The Court reduces the number of hours by 20%. *See McDonald ex rel. Prendergast*, 450 F.3d at 96; *see also Ladino*, 2024 WL 968898, at *7-8 (in case where Mr. Aronauer represented plaintiff, reducing total number of hours by 25% across the board in light of the unmeritorious motion practice and non-legal work included in counsel's time logs); *Teoh*, 2025 WL 1088045, at *10 (finding 30% across-the-board reduction to requested hours appropriate considering

---

[4] It is also notable that although Plaintiff's request for conditional certification of the FLSA collective action was granted in part, *see* ECF No. 57, Defendants thereafter successfully moved to decertify, *see* ECF No. 88; January 11, 2022 Sua Sponte Report and Recommendations (noting that "[t]he deadline for members of the collective to opt in has now passed, but not a single employee has sought to opt in"); February 8, 2022 Order Adopting Sua Sponte Report and Recommendations.

12

"excessive hours, inappropriate delegation of rudimentary work to more senior attorneys, and wrongdoings that further prop up [the law firm's] bill").

*Total Fee Award*

The Court awards Plaintiff $65,299.28 in attorney's fees as indicated below, which accounts for the reduced rates and hours:

| | Jacob Aronauer | | | | |
|---|---|---|---|---|---|
| **Year** | **Original Hours[5]** | **Reduced Hours** | **Requested Hourly Rate** | **Reduced Hourly Rate** | **Fees Awarded** |
| 2019 | 10.69 | 8.55 | $400 | $300 | $2,565.60 |
| 2020 | 0.20 | 0.16 | $415 | $315 | $50.40 |
| 2021 | 54.37 | 43.50 | $450 | $350 | $15,223.60 |
| 2022-2023 | 83.30 | 66.64 | $475 | $375 | $24,990.00 |
| 2024-2025 | 55.25 | 44.20 | $500 | $400 | $17,680.00 |
| **Total** | | | | | **$60,509.60** |

| | Paralegals | | | |
|---|---|---|---|---|
| **Year** | **Original Hours[6]** | **Reduced Hours** | **Reduced Hourly Rate** | **Fees Awarded** |
| 2019-2025 | 85.53 | 68.42 | $70 | $4,789.68 |
| **Total** | | | | **$4,789.68** |

### III. Plaintiff Is Entitled to an Award of Costs

As a prevailing plaintiff, Plaintiff is entitled to an award of costs, to be paid by Defendants jointly and severally.

Plaintiff seeks to recover the following:

- $400 for the filing fee
- $140 for service of the Complaint
- $4,234.30 for deposition costs

---

[5] The Court calculated the original hours based on the billing records submitted by Plaintiff. *See* ECF No. 173-6; ECF No. 180-1; ECF No. 188-1. **In future cases before the undersigned, counsel for Plaintiff must set forth the total number of hours.**

[6] The Court calculated the original hours based on the billing records submitted by Plaintiff. *See* ECF No. 173-6; ECF No. 188-1. **In future cases before the undersigned, counsel for Plaintiff must set forth the total number of hours.**

13

- $300 for mediation with Joseph DiBenedetto
- $640.42 for the November 25, 2024 trial transcript

*See* Motion at 2. Plaintiff has submitted certain documentation in support of these expenses and the Court finds these expenses to be reasonable.[7]

Plaintiff also appears to seek to recover the following:

- $24 for Stamp Abstract of Judgment
- $10 for filing Judgment with County Clerk (Nassau County)
- $25 for filing Judgment with County Clerk (Queens County)
- $69.24 for Bank Notices
- $33.78 for Subpoenas for Davidoff
- $10.99 for Subpoenas for MLI CPA

*See* July 17, 2025 Letter; *see also* ECF No. 188-1. Plaintiff has not submitted any invoices or other documentation in support of these expenses and, accordingly, the Court finds that Plaintiff has not met her burden of demonstrating that these expenses are reasonable.

The Court awards Plaintiff $5,714.62 in costs.

---

[7] The Court notes a ten-cent discrepancy between the amount sought for the November 25, 2024 trial transcript and the amount actually paid. As reflected below, the amount awarded for this expense is the amount actually paid – $640.32 (rather than $640.42). The Court further notes that Plaintiff submitted an invoice for the $300 mediation fee but did not submit a receipt for payment of the same. In light of the submission of the invoice and absent any indication that the amount was not paid, Plaintiff will be awarded the $300 sought. **In future cases before the undersigned, counsel for Plaintiff must provide sufficient supporting documentation for amounts sought.**

14

## CONCLUSION

As set forth above, Plaintiff's Motion, ECF No. 173, is GRANTED in part and DENIED in part. Plaintiff is awarded attorney's fees in the amount of $65,299.28 and costs in the amount of $5,714.62, for a total award of $71,013.90, to be paid by Defendants jointly and severally.[8]

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: October 22, 2025
       Brooklyn, New York

---

[8] Plaintiff's motion to stay, ECF No. 178, is denied as moot and that portion of Plaintiff's motion for a pre-motion conference, ECF No. 189, that is premised on the instant Motion also is denied as moot. The Court declines to address Plaintiff's motion for discovery, ECF No. 187, pending decision on the appeal in this action, *see* ECF No. 181, and, relatedly, declines to hold a pre-motion conference on the motion for discovery.